IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 18-088 (LPS) |
| APOTEX INC., APOTEX CORP., and APOTEX RESEARCH PRIVATE LIMITED, | ) ) ) ) | |
| Defendants. | ) | |
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 18-089 (LPS) |
| ALKEM LABS. LTD, | ) ) | |
| Defendant. | ) | |

H. LUNDBECK A/S, TAKEDA )
PHARMACEUTICAL COMPANY LTD., )
TAKEDA PHARMACEUTICALS U.S.A., )
INC., TAKEDA PHARMACEUTICALS )
INTERNATIONAL AG, and TAKEDA )
PHARMACEUTICALS AMERICA, INC., )
)
           Plaintiffs, )
)
           v. )  C.A. No. 18-090 (LPS)
)  C.A. No. 18-777 (LPS)
LUPIN LIMITED and LUPIN )
PHARMACEUTICALS, INC., )
)
           Defendants. )

H. LUNDBECK A/S, TAKEDA )
PHARMACEUTICAL COMPANY LTD., )
TAKEDA PHARMACEUTICALS U.S.A., )
INC., TAKEDA PHARMACEUTICALS )
INTERNATIONAL AG, and TAKEDA )
PHARMACEUTICALS AMERICA, INC., )
)
           Plaintiffs, )
)
           v. )  C.A. No. 18-091 (LPS)
)
MACLEODS PHARMACEUTICALS, LTD. )
and MACLEODS PHARMA USA INC., )
)
           Defendants. )

H. LUNDBECK A/S, TAKEDA )
PHARMACEUTICAL COMPANY LTD., )
TAKEDA PHARMACEUTICALS U.S.A., )
INC., TAKEDA PHARMACEUTICALS )
INTERNATIONAL AG, and TAKEDA )
PHARMACEUTICALS AMERICA, INC., )
)
           Plaintiffs, )
)
           v. )  C.A. No. 18-092 (LPS)
)
UNICHEM LABORATORIES, LIMITED, )
)
           Defendant. )

| | | |
|---|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-113 (LPS) |
| ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC GLOBAL HOLDING S/A and ALEMBIC PHARMACEUTICALS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 18-114 (LPS) C.A. No. 18-853 (LPS) |
| MSN LABORATORIES PRIVATE LIMITED, MSN PHARMACEUTICALS, INC., and MSN PHARMACHEM PRIVATE LIMITED, | ) ) ) ) ) | |
| Defendants. | ) | |

H. LUNDBECK A/S, TAKEDA
PHARMACEUTICAL COMPANY LTD.,
TAKEDA PHARMACEUTICALS U.S.A.,
INC., TAKEDA PHARMACEUTICALS
INTERNATIONAL AG, and TAKEDA
PHARMACEUTICALS AMERICA, INC.,

        Plaintiffs,

        v.

CIPLA LIMITED and CIPLA USA INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 18-147 (LPS)
C.A. No. 18-753 (LPS)

H. LUNDBECK A/S, TAKEDA
PHARMACEUTICAL COMPANY LTD.,
TAKEDA PHARMACEUTICALS U.S.A.,
INC., TAKEDA PHARMACEUTICALS
INTERNATIONAL AG, and TAKEDA
PHARMACEUTICALS AMERICA, INC.,

        Plaintiffs,

        v.

PRINSTON PHARMACEUTICAL INC., and
ZHEJIANG HUAHAI PHARMACEUTICAL
CO., LTD. INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 18-148 (LPS)

H. LUNDBECK A/S, TAKEDA                )
PHARMACEUTICAL COMPANY LTD.,           )
TAKEDA PHARMACEUTICALS U.S.A.,         )
INC., TAKEDA PHARMACEUTICALS           )
INTERNATIONAL AG, and TAKEDA           )
PHARMACEUTICALS AMERICA, INC.,         )
                                       )
              Plaintiffs,              )
                                       )
       v.                              )    C.A. No. 18-149 (LPS)
                                       )    C.A. No. 18-672 (LPS)
                                       )
TORRENT PHARMACEUTICALS                )
LIMITED and TORRENT PHARMA INC.,       )
                                       )
              Defendants.              )

H. LUNDBECK A/S, TAKEDA                )
PHARMACEUTICAL COMPANY LTD.,           )
TAKEDA PHARMACEUTICALS U.S.A.,         )
INC., TAKEDA PHARMACEUTICALS           )
INTERNATIONAL AG, and TAKEDA           )
PHARMACEUTICALS AMERICA, INC.,         )
                                       )
              Plaintiffs,              )
                                       )
       v.                              )    C.A. No. 18-150 (LPS)
                                       )
ZYDUS PHARMACEUTICALS (USA) INC.       )
and CADILA HEALTHCARE LTD.,            )
                                       )
              Defendants.              )

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 18-175 (LPS) ) |
| AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS PVT. LTD., AMNEAL PHARMACEUTICALS COMPANY GMBH, and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, | ) ) ) ) ) ) ) |
| Defendants. | |

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 18-176 (LPS) ) |
| HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, | ) ) ) ) |
| Defendants. | ) |

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., SANDOZ AG, and LEK PHARMACEUTICALS D.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 18-177 (LPS) |
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIGMAPHARM LABORATORIES, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 18-671 (LPS) |

## [PROPOSED] SCHEDULING ORDER

This 9th day of July, 2018, the Court having consulted with the parties' attorneys and received a joint proposed scheduling order pursuant to Local Rule 16.2(a), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.   **Consolidation**. These actions are consolidated for all purposes and all papers shall be filed in Civil Action No. 18-088-LPS.

2.      **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **July 20, 2018**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference.). The parties shall submit modifications, if any, to the Court's Default Standard for Discovery, Including Discovery of ESI on or before **July 13, 2018**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Paragraph 3 of the D. Del. Default Standard on **July 20, 2018**.

3.      **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties and amend or supplement the pleadings shall be filed on or before **July 1, 2019**.

4.      **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **July 31, 2018**. Should counsel be unable to reach agreement on a proposed form of order, counsel must follow the provision of Paragraph 8(m) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who become subject to a motion to disclose another party's confidential information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order]

pursuant to this order shall promptly notify that party of the motion
so that the party may have an opportunity to appear and be heard
on whether that information should be disclosed.

5. **Papers Filed Under Seal**. In accordance with section G of the Administrative

Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed

document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court

proceeding (including a teleconference), such party should expressly note that intent at the start

of the court proceeding. Should the party subsequently choose to make a request for sealing or

redaction, it must, promptly after the completion of the transcript, file with the Court a motion

for sealing/redaction, and include as attachments (1) a copy of the complete transcript

highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and

(2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking

redactions must demonstrate why there is good cause for the redactions and why disclosure of

the redacted material would work a clearly defined and serious injury to the party seeking

redaction.

6. **Courtesy Copies**. Other than with respect to "discovery matters," which are

governed by paragraph 8, and the final pretrial order, which is governed by paragraph 18, the

parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy

of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations,

affidavits etc.). This provision also applies to papers filed under seal.

7. **ADR Process**. This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

8. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery

set forth in Local Rule 26.1 shall be strictly observed.

a.      Identification of Accused Products and Asserted Patents. By **July 13, 2018**, Plaintiffs shall identify the accused products and the asserted patents it alleges are infringed and produce the file history for each asserted patent, pursuant to Paragraph 4(a) of the D. Del. Default Standard.

b.      Production of Core Technical Documents. By **July 25, 2018**, each Defendant shall produce to Plaintiffs the core technical documents related to the accused products, including but not limited to their Abbreviated New Drug Applications ("ANDAs"), including any amendments and supplements thereto; and Plaintiffs shall produce to Defendants the Plaintiffs' New Drug Application ("NDA"), including any amendments and supplements thereto.

c.      Drug Master Files and Samples.  By **September 14, 2018**, each Defendant contesting an allegation of infringement of United States Patent Nos. 7,144,884, 8,476,279, 8,722,684 8,969,355, 9,227,946, and/or 9,861,630, as applicable to each individual Defendant as set forth in the respective Complaints, shall produce the active ingredient Drug Master File ("DMF") for the Accused Product including any amendments and supplements thereto, to Plaintiffs' counsel, and samples of the finished ANDA Product and the active ingredient to Plaintiffs' counsel or an alternative recipient designated by Plaintiffs' counsel to receive them. Plaintiffs request 25 tablets per exhibit batch of the finished ANDA Product and 10 grams per batch of each active ingredient batch used in the exhibit batches of the finished ANDA Product. If a Defendant contends that said DMF or samples are not within in its possession, custody, or control or that it has a good faith objection to producing or is unable to produce said DMF or samples in the requested amounts by September 14, 2018, such Defendant shall provide written notice to Plaintiffs by email with an explanation of the bases for such contention or

objection no later than July 27, 2018. To the extent any unexpected delay in production occurs due to transit or customs delays, any affected Defendant shall promptly update Plaintiffs regarding the delay. Defendants shall make good faith efforts to avoid such transit or customs delays. If a dispute arises regarding the production of the DMF or samples from a particular Defendant, the parties shall follow the discovery dispute procedure set forth in Paragraph 8.m.

    d. <u>Plaintiffs' Claim Chart</u>. By **September 28, 2018**, Plaintiffs shall provide to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes, pursuant to D. Del. Default Standard Paragraph 4(c).

    e. <u>Defendants' Initial Invalidity Contentions</u>. By **November 16, 2018**, Defendants shall produce to Plaintiffs initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents), pursuant to D. Del. Default Standard Paragraph 4(d).

    f. <u>Fact Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **October 11, 2019**.

    g. <u>Document Production.</u> Document production shall be substantially complete by **June 28, 2019**.

    h. <u>Requests for Production.</u> Defendants shall coordinate and work in good faith to serve common requests for production (i.e., requests for production that are served on behalf of all Defendant Groups[1] on Plaintiffs) and to minimize duplicative requests for production.

---

[1] "Defendant Group" shall be defined to include all parties sued by Plaintiffs in a single cause of action, including entities that were the subject of any stipulated dismissal. There are currently fifteen (15) Defendant Groups in the above-captioned cases: (1) Apotex Inc., Apotex Corp., and Apotex Research Private Limited (collectively, "Apotex"); (continued…)

i.    Interrogatories.

i.    Plaintiffs collectively may serve 25 Interrogatories on each Defendant Group. Defendants collectively may serve 20 common Interrogatories on Plaintiffs collectively. Additionally, each Defendant Group may individually serve 5 additional Interrogatories on Plaintiffs. An Interrogatory directed to the same issue for more than one of the asserted patents shall count as one Interrogatory. An Interrogatory served on Plaintiffs collectively shall count as one Interrogatory even if each of the Plaintiffs provides a distinct response.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

---

(2) Alkem Lab. Ltd. ("Alkem"); (3) Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"); (4) Macleods Pharmaceuticals, Ltd. and Macleods Pharma USA, Inc., (collectively, "Macleods"); (5) Unichem Laboratories, Limited ("Unichem"); (6) Alembic Pharmaceuticals Limited, Alembic Global Holding S/A, and Alembic Pharmaceuticals, Inc. (collectively, "Alembic"); (7) MSN Laboratories Private Limited, MSN Pharmaceuticals, Inc., and MSN Pharmachem Private Limited (collectively, "MSN"); (8) Cipla Limited and Cipla USA Inc. (collectively, "Cipla"); (9) Prinston Pharmaceutical Inc. and Zhejiang Huahai Pharmaceutical Co., Ltd. Inc. (collectively, "Prinston"); (10) Torrent Pharmaceuticals Limited and Torrent Pharma Inc. (collectively, "Torrent"); (11) Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (collectively, "Zydus"); (12) Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, Amneal Pharmaceuticals of New York, LLC, and Raks Pharma Private Limited (collectively, "Amneal"); (13) Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit-V (collectively, "Hetero"); (14) Sandoz Inc., Sandoz AG, and Lek Pharmaceuticals d.d. (collectively, "Sandoz"); and (15) Sigmapharm Laboratories, LLC ("Sigmapharm").

12

j.    Depositions.

i.    Limitation on Number. Plaintiffs collectively may take a maximum of 5 depositions from each Defendant Group, including former employees of each Defendant Group represented by the Defendant Group's counsel. Defendants collectively may take a maximum of 20 depositions from Plaintiffs collectively, including third-party inventors. Except as expressly provided above, these limits do not include third-party depositions; Plaintiffs collectively may take up to 5 third-party depositions (of fact witnesses who are not former employees of a Defendant Group represented by the Defendant Group's counsel) and Defendants may collectively take up to 5 third-party depositions (of fact witnesses who are not third-party inventors). Each fact deposition shall be limited to seven hours, except inventors may be deposed for up to ten hours. If the deponent is testifying in a non-English language and a translator is being used, then each hour of testimony shall be counted as half an hour of testimony in English. Each fact witness may only be deposed once. Each 30(b)(6) deposition notice shall count as a single deposition. These limits may only be modified upon agreement of the parties or a showing of good cause and by order of the Court. The deposition of a single person in both the person's personal capacity and as a 30(b)(6) designee shall count as a single deposition. Defendants will coordinate and work in good faith to minimize duplicative questioning.

ii.    Location of Depositions. The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent.

k.    Requests for Admission. Plaintiffs collectively may serve 50 Requests for Admission on each Defendant Group.  Defendants collectively may serve 50 common Requests for Admission on Plaintiffs. Each Defendant Group may serve an additional 20 individual Requests for Admission on Plaintiffs. These limitations do not apply to Requests for Admission

directed to authenticity or admissibility of documents; the parties will work to agree on authentication to the extent possible.

      l.      <u>Disclosure of Expert Testimony.</u>

      i.      <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter and for Plaintiffs on objective indicia, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 17, 2020**. The supplemental disclosure to contradict or rebut the evidence on the same matter identified by another party, which shall include expert reports to be submitted by Defendants regarding any objective indicia of nonobviousness, is due on or before **March 13, 2020**.  Reply expert reports from the party with the initial burden or from Plaintiffs on objective indicia are due on or before **May 8, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court.

      ii.      Along with the submissions of the reply expert reports, the parties shall advise of the dates of their experts' availability for deposition.

      iii.      <u>Expert Discovery</u>. Expert discovery in this case will be completed on or before **July 2, 2020**.

      iv.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **July 24, 2020** unless otherwise ordered by the Court. Oppositions to such motions shall be made by no later than **August 14, 2020**, and replies to such motions shall be made no later than **August 28, 2020**. Briefing on such motions is subject to the page limits set out in Local Rule 7.1.3(a)(4).

m.    **Discovery Matters and Disputes Relating to Protective Orders.**

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts - including verbal communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.     Each party shall submit two (2) copies of its discovery letter and any attachments.

        v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.     **Motions to Amend**.

        a.     Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.     **Motions to Strike**.

        a.     Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.     **Tutorial Describing the Technology and Matters in Issue**. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

12.     **Claim Construction Issue Identification**. On **November 30, 2018**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **December 14, 2018**, the parties shall exchange proposed claim construction of disputed terms and identify evidence to support their proposed constructions. This document will not be filed with the Court. By **January 11, 2019**, the parties shall identify and produce rebuttal evidence for the proposed constructions. By **January 18, 2019**, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **February 1, 2019**. The parties' Joint Claim

Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      13.    **Claim Construction Briefing**.

          a.      Defendants shall submit a single joint initial claim construction brief, a single joint answering/responsive brief, and a single joint reply brief.

          b.      The parties shall identify any experts who may provide declarations and the terms they will be opining on at the time of submission of the Joint Claim Construction Chart. The parties shall contemporaneously submit initial briefs and, if any, expert declarations, on claim construction issues on **March 1, 2019**. All discovery from experts submitting claim construction declarations shall be completed on **March 29, 2019**. The parties' answering/responsive briefs and, if any, rebuttal expert declarations, shall be contemporaneously submitted on **April 26, 2019**. No expert declarations on claim construction shall be permitted after April 26, 2019. The parties shall contemporaneously submit reply briefs on claim construction issues on **May 14, 2019**. No expert declarations shall be submitted with the parties' reply briefs. No further briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

          c.      Local Rule 7.1.3(a)(4) shall control the page limitations for initial (opening), responsive (answering), and reply briefs. In addition to the page limit prescribed by the local rules for initial claim construction briefs, to the extent a Defendant Group identifies one

or more separate issues specific to that Defendant Group that require claim construction briefing, each such Defendant Group shall be entitled to up to 5 additional pages (not including case caption and signature block) submitted in conjunction with the initial brief for issues specific to that Defendant Group and Plaintiffs collectively shall be entitled to up to 5 additional corresponding pages (not including case caption and signature block) submitted in conjunction with the initial brief for claim construction issues specific to each such Defendant Group; and each Defendant Group shall be entitled to up to 3 additional pages (not including case caption and signature block) submitted in conjunction with the answering/responsive brief for claim construction issues specific to that Defendant Group and Plaintiffs collectively shall be entitled to up to 3 corresponding additional pages (not including case caption and signature block) submitted in conjunction with the answering/responsive brief for claim construction issues specific to each such Defendant Group; and each Defendant Group shall be entitled to 1 additional page (not including case caption and signature block) submitted in conjunction with the reply brief for claim construction issues specific to that Defendant Group and Plaintiffs collectively shall be entitled to 1 corresponding additional page (not including case caption and signature block) submitted in conjunction with the reply brief for claim construction issues specific to each such Defendant Group.

14.      **Hearing on Claim Construction**. Beginning at 9:00 a.m. on **May 29, 2019**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their reply claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate

that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15.     **Interim Status Report**. On **July 19, 2019**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.     **Supplementation.** Absent agreement among the parties, and approval of the Court, no later than **November 1, 2019**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

17.     **Case Dispositive Motions**. Case dispositive motions will not be permitted without leave of Court.

18.     **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.     **Pretrial Conference**. On **October 2, 2020**, beginning at 9:00 a.m., the Court will hold a Pretrial Conference in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the court the joint Proposed Final Pretrial Order with the information required by the form of Revised Final Pretrial Order - Patent, which can be located on the Court's website at www.ded.uscourts.gov, by **September 25, 2020**. Unless otherwise ordered by the Court, the parties shall comply with

the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

    a.  a request for a specific number of hours for their trial presentations, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

    b.  their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

    c.  their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

    d.  their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

   20.  **Motions _in Limine_**. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each SIDE shall

be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

21.     **Trial**. This matter is scheduled for an 9 day bench trial beginning at 9:00 a.m. on **October 13, 2020**, with subsequent trial days also beginning at 9:00 a.m.

22.     **Post-Trial Briefing**. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

The parties reserve the right to revisit the deadlines and limitations set forth herein, subject to the Court's approval, in the event this case is consolidated with any other matters involving different defendants.

_____
UNITED STATES DISTRICT JUDGE