IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 18-88 (LPS) ) CONSOLIDATED ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO PRINSTON'S MOTION TO DISMISS ITS COUNTERCLAIMS PERTAINING TO U.S. PATENTS NOS. 9,125,908 AND 9,125,909 WITHOUT PREJUDICE**

A year ago, Plaintiffs amended their complaint to add claims for contributory infringement of two additional patents: U.S. Patents Nos. 9,125,910 and 9,278,096 (the "'096 Patent").[1] In response, defendants Prinston Pharmaceutical Inc. and Zhejiang Huahai Pharmaceutical Co, Ltd. (collectively, "Prinston") added declaratory judgment counterclaims for non-infringement, invalidity, and delisting of two Orange Book patents that Plaintiffs had not asserted: U.S. Patents Nos. 9,125,908 (the "'908 Patent") and 9,125,909 (the "'909 Patent"). None of the other defendants have asserted counterclaims on the '908 or '909 Patent.

After the addition of Prinston's counterclaims, Plaintiffs and Prinston agreed that Prinston would proceed first in exchanges of discovery materials on the '908 and '909 Patents. *See* D.I. 334 at 2 (agreeing to an August 23, 2019 deadline for "noninfringement contentions for any patents added in Defendant counterclaims (not asserted in Plaintiffs' amended complaints)" and a

---

[1] Plaintiffs' currently pending motion to amend (D.I. 727) seeks to assert induced infringement of the '096 Patent.

September 20, 2019 deadline for "Infringement contentions for patents asserted in counterclaims"); Ex. A (March 4, 2020 Email from B. Bharkhda to counsel for Prinston confirming understanding "that Prinston will serve expert reports on the issues of non-infringement and listing in the opening round" for the '908 and '909 Patents).

After fact discovery was completed on all claims, including Prinston's unique counterclaims, Prinston decided it no longer wished to pursue the counterclaims on these two patents that it had added to the case. But Prinston kept that decision to itself. Rather than informing Plaintiffs that it did not plan to pursue its counterclaims relating to the '908 and '909 Patents, Prinston simply failed to serve opening expert reports for these patents. Prinston then waited two more weeks after service of opening reports before raising, for the first time, its decision not to pursue its counterclaims on the '908 and '909 Patents, purportedly to "streamline the case for trial." Ex. B (April 28, 2020 Email from Y. Tang to counsel for Plaintiffs). Prinston injected these additional patents into this case and forced Plaintiffs to expend additional time and resources preparing contentions and discovery responses on these Prinston-specific issues. Now, four months before the scheduled trial (D.I. 31), Prinston has simply decided not to engage in expert discovery on these patents. It would prefer to wait and "sav[e] the fight over the '908 and '909 [P]atents [for] a later date" (D.I. 794 at 4).

The parties agree that the Prinston counterclaims on the '908 and '909 Patents should be dismissed. The issue is whether they should be dismissed under Rule 41(a)(2) with or without prejudice. Given that Prinston waited until this advanced stage of the litigation to seek dismissal of these claims, and admits that it wants to save the fight for the future, dismissal with prejudice is the appropriate outcome. *See Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1034 (Fed. Cir. 2006) ("As expressly provided in Rule 41, the district court has discretion to condition the plaintiff's

voluntary dismissal on terms that would avert any prejudice to the defendant, including dismissing the case 'with prejudice.'").

I.  **PLAINTIFFS WOULD BE PREJUDICED BY A DISMISSAL WITHOUT PREJUDICE**

When a party seeks dismissal of a claim without prejudice, the Court may nevertheless dismiss with prejudice, if the non-moving party will suffer prejudice beyond the prospect of a subsequent lawsuit. *Wi-LAN Inc. v. Sharp Elecs. Corp.*, C.A. No. 15-379-LPS, 2018 WL 914779, at *1 (D. Del. Feb. 15, 2018) (citing *Chodorow v. Roswick*, 160 F.R.D. 522, 523–24 (E.D. Pa. 1995) and *Reach & Assocs., P.C. v. Dencer*, C.A. No. 02-1355-JJF, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004)). Prinston spends a single paragraph in its motion on its conclusory argument that there is no prejudice to Plaintiffs (D.I. 794 at 5), but ignores entirely the legal test courts apply in cases such as this. Courts in this district consider four factors in determining whether a voluntary dismissal under Fed. R. Civ. P. 41(a)(2) without prejudice will prejudice the non-moving party: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by [the non-movant] in preparing for trial; (3) the extent to which the pending litigation has progressed; and (4) the claimant's diligence in moving to dismiss." *Wi-LAN*, 2018 WL 914779, at *1 (quoting *Reach & Assocs.*, 2004 WL 253487, at *1). Here, analysis of those four factors demonstrates that Plaintiffs would suffer prejudice from a dismissal without prejudice. Thus, Prinston's Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Counterclaims should be dismissed with prejudice.

A.  **Fact Discovery Has Closed and this Case Is Scheduled for Trial in Four Months**

This case is in an advanced stage. The parties have been litigating Prinston's counterclaims on the '908 and '909 Patents for a year and have completed fact discovery. Where, as here, the litigation has substantially progressed, fact discovery has been completed, expert reports

3

are nearly concluded, and trial is months away, dismissal without prejudice is not appropriate. *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2015 WL 887935, at *6 (D. Del. Mar. 3, 2015), is illustrative. There, Judge Thynge explained that "[s]ince fact discovery was conducted on [the claim for which dismissal was sought] to TruePosition's apparent satisfaction, dismissal of [that claim] without prejudice is not warranted. Polaris will be substantially prejudiced if TruePosition reasserts [that claim] after the considerable discovery in this matter, by causing additional effort and expense in a subsequent proceeding." *TruePosition*, 2015 WL 887935, at *6 (denying Rule 41(a)(2) motion to dismiss without prejudice where fact discovery was completed before the motion to dismiss was filed), *report and recommendation adopted by TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2015 WL 1738381, at *1–2 (D. Del. Apr. 7, 2015) (noting that "[p]lainly, factors (2) and (3) of the analysis . . . support the Magistrate Judge's conclusion of prejudice to [d]efendant.").

  **B.** **Plaintiffs Have Expended Additional Effort and Incurred Additional Expense in Preparing for Trial on Prinston's Counterclaims**

Prinston tacitly admits that its counterclaims on the '908 and '909 Patents required Plaintiffs to incur additional effort and expense: "The '908 and '909 [P]atents are not being asserted by Plaintiffs against Prinston or any other defendants in this consolidated case. Prinston is aware of no other defendants who have raised any counterclaims pertaining to the '908 and '909 [P]atents." D.I. 794 at 1; *see also id.* at 2–3. Because the '908 and '909 Patents are not at issue with respect to any other defendants, Prinston's counterclaims required Plaintiffs to expend additional resources on discovery unique to Prinston, including answering Prinston's counterclaims, preparing infringement contentions for the '908 and '909 Patents, and responding to Prinston's discovery requests directed to its counterclaims on the '908 and '909 Patents, including contention interrogatories relating to the validity of the '908 and '909 Patents. Thus, Prinston's decision to add these claims to the case

4

caused Plaintiffs to incur additional effort and expense, beyond what was otherwise required with respect to Plaintiff's claims and the other defendants' counterclaims. Dropping them now, so that Prinston can "sav[e] the fight" for "a later date" (D.I. 794 at 4), would amount to a waste of Plaintiffs' resources and duplication of efforts, even if some of the discovery may be re-usable, as Prinston asserts (D.I. 794 at 5). *See TruePosition*, 2015 WL 887935, at *6 (denying Rule 41(a)(2) motion to dismiss without prejudice because "Polaris will be substantially prejudiced if TruePosition reasserts [that claim] after the considerable discovery in this matter, by causing additional effort and expense in a subsequent proceeding.").

### C. Prinston Has Not Been Diligent in Moving to Dismiss

Prinston has not been diligent in moving to dismiss. Prinston added these counterclaims to the litigation, and has known (or should have known) for a year that it is the only defendant to have asserted such claims. Prinston has had plenty of time and opportunity to seek dismissal of these counterclaims, but it failed to do so. Instead, Prinston simply failed to serve any expert reports supporting the merits of its noninfringement, invalidity, or delisting counterclaims for the '908 and '909 Patents.[2] It was not until April 28, 2020 – nearly two weeks after the deadline for service of opening expert reports – that Prinston informed Plaintiffs of its intention to drop these claims. Ex. B.

Prinston must have decided well in advance of opening expert reports that it was not going to pursue these claims, but it waited to inform Plaintiffs. This is not diligence. *Cf. Rossitto v. Brethren Mutual Insurance Co.*, C.A. No. 3:12-2555-MEM, 2014 WL 12540482, at *1 (M.D. Pa. March 3, 2014) (dismissing with prejudice under Fed. R. Civ. P. 41(a)(2) where, among other factors, "plaintiff waited three months to actually file the motion for voluntary dismissal"); *Smith v.*

---

[2] As explained above, the parties agreed that Prinston would proceed first in exchanges of discovery materials, including expert reports, on its counterclaims on the '908 and '909 Patents.

*Sabol*, C.A. No. 11-1697-YK, 2013 WL 2371193, at *2 (M.D. Pa. May 30, 2013) (dismissing with prejudice under Fed. R. Civ. P. 41(a)(2) where, among other factors, "[a]fter 1½ years of litigating this matter, Smith has decided that he no longer wishes to pursue this action."). Prinston has provided no explanation for its failure to move sooner to dismiss its counterclaims. Litigants like Prinston should not be encouraged to assert claims or counterclaims that expand the scope of a case, only to drop those claims when the time comes to expend their own resources on expert discovery. This is particularly true in Hatch-Waxman litigation where the prospect of potential future litigation on the patents at issue remains.

### D. A Second Litigation on the '908 and '909 Patents Would Be Unfair to Plaintiffs

With fact discovery completed and trial approaching, any second litigation on the '908 and '909 Patents would be excessive and duplicative of this litigation, and unfair to Plaintiffs. Prinston asserts that "[i]t is actually quite unlikely that *any* future litigation regarding the '908 and '909 [P]atents would arise between Prinston and Plaintiffs." D.I. 794 at 5. But Prinston concedes that future litigation on these patents is possible. Prinston states in its Motion that it wanted Plaintiffs to "agree to trying the issues common to all ANDA filers first, **and saving the fight over the '908 and '909 [P]atents to a later date**." *Id.* at 4 (emphasis added). And contrary to Prinston's argument that the initiation of any such future litigation "would be within [Plaintiffs'] control" (*id.* at 2), if later-expiring patents are determined to be invalid or not infringed, Prinston wants to maintain its own ability to re-assert its claims, at a later date – for example, by submitting a future Paragraph IV certification of the '908 and '909 Patents and/or asserting counterclaims for non-infringement, invalidity, or delisting of these patents if sued by Plaintiffs – if it sees an advantage to doing so.[3]

---

[3] Prinston makes the circular argument that it will suffer prejudice from a dismissal with prejudice because the dismissal would be with prejudice. D.I. 794 at 6. The case relied on by

6

Prinston has had a full and fair opportunity to litigate these claims in this case but has chosen not to. When a party has had a full and fair opportunity to litigate the claims at issue in the pending case, and then chooses not to, dismissal with prejudice is appropriate. *Cf. Wi-LAN*, 2018 WL 914779, at *2.

## II.   CONCLUSION

Plaintiffs respectfully request that the Court dismiss Prinston's Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Counterclaims with prejudice.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Megan E. Dellinger* |
| George F. Pappas | |
| Einar Stole | Jack B. Blumenfeld (#1014) |
| Christopher N. Sipes | Megan E. Dellinger (#5739) |
| Brianne Bharkhda | 1201 North Market Street |
| Priscilla G. Dodson | P.O. Box 1347 |
| Alaina Whitt | Wilmington, DE  19899 |
| Han Park | (302) 658-9200 |
| COVINGTON & BURLING LLP | jblumenfeld@mnat.com |
| One CityCenter | mdellinger@mnat.com |
| 850 Tenth Street NW | |
| Washington, DC  20001-4956 | *Attorneys for Plaintiffs* |
| (202) 662-6000 | |
| | |
| Megan L. Hare | Kurt G. Calia |
| Taylor J. Kelson | Yiye Fu |
| Jennifer D. Cieluch | COVINGTON & BURLING LLP |
| COVINGTON & BURLING LLP | 3000 El Camino Real |
| The New York Times Building | 5 Palo Alto Square, 10th Floor |
| 620 Eighth Avenue | Palo Alto, CA  94306-2112 |
| New York, NY  10018 | (650) 632-4700 |
| (212) 841-1000 | |

June 23, 2020

---

Prinston for this proposition did not address a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2), but the interpretation of an ambiguous dismissal order for purposes of claim preclusion. *See Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 610–12 (3d Cir. 2020).  That the default for dismissal under Fed. R. Civ. P. 41(a)(2) is "without prejudice" is not in dispute. Under the circumstances here, however, the relevant factors support dismissal with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 23, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Fineman, Esquire<br>Katharine L. Mowery, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants Prinston Pharmaceutical Inc. and Zhejiang Huahai Pharmaceutical Co., Ltd.* | *VIA ELECTRONIC MAIL* |
| Shashank Upadhye, Esquire<br>Yixin H. Tang, Esquire<br>Brent Batzer, Esquire<br>UPADHYE CWIK LLP<br>135 S. LaSalle Street, Suite 1930<br>Chicago, IL 60603-4207<br>*Attorneys for Defendants Prinston Pharmaceutical Inc. and Zhejiang Huahai Pharmaceutical Co., Ltd.* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

_____

Megan E. Dellinger (#5739)