IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and TAKEDA PHARMACEUTICALS AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC., et al.,<br><br>Defendants. | C.A. No. 18-88-LPS<br><br>**REDACTED**<br>**PUBLIC VERSION** |

## ORDER

At Wilmington this **20th** day of **August, 2020**:

Having reviewed Lupin Limited and Lupin Pharmaceuticals Inc.'s ("Lupin") and Plaintiffs H. Lundbeck A/S, Takeda Pharmaceutical Company Ltd., Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals International AG, and Takeda Pharmaceuticals America, Inc.'s (collectively, "Plaintiffs") recent letters and supporting materials (*see, e.g.,* D.I. 900, 905, 906),

**IT IS HEREBY ORDERED** that Lupin's motion (D.I. 899) to enforce the Court's June 25, 2020 Order (D.I. 801) ("Prior Order") and strike portions of expert reports is **GRANTED** (except to the extent that it requests an award of attorney fees). Any expert opinions relating to, or alleging the presence of, the ▮▮▮▮▮ in Lupin's ANDA products are **STRICKEN**.

Just as Plaintiffs waited far too long to allege that Lupin infringes due to the purported presence of the ▮▮▮▮▮, so, too, have Plaintiffs waited far too long to disclose that the purported presence of the ▮▮▮▮▮ in Lupin's ANDA products is somehow relevant to its

infringement case. As Lupin correctly observes, Plaintiffs failed to argue – when the Court was evaluating Lupin's earlier motion, leading to the Prior Order – that the ▮▮▮▮ was somehow relevant to issues of stability and crystallinity. (*See, e.g.*, D.I. 906) ("If the presence of the ▮▮▮▮ in Lupin's ANDA product is relevant to their claims with respect to the ▮▮▮▮ ▮▮▮▮ why was that never argued in the briefing on Lupin's first motion?") In the overall context of how discovery has proceeded (*see, e.g.*, D.I. 900 at 1) ("Plaintiffs never once alleged the presence of the ▮▮▮▮ in Lupin's ANDA product – not in contentions (initial or final) or otherwise [until the opening expert report]."), Plaintiffs' approach to ▮▮▮▮ issues (*see, e.g.*, *id.* at 2) ("Plaintiffs' counsel clearly requested that Dr. Morin perform testing on ▮▮▮▮ *after* this Court's Order prohibiting them from proffering such opinions . . . .") – including its handling of Lupin's motions – leads the Court to conclude that Plaintiffs' proposed use of ▮▮▮▮ evidence as "rebuttal" would be unfairly prejudicial to Lupin.

As stated in the Prior Order, Lupin could have pursued its infringement and/or invalidity cases differently had Plaintiffs disclosed their ▮▮▮▮ contentions during fact discovery, as they should have done. Lupin does not have these opportunities now. Even assuming Plaintiffs were correct that "Lupin *never* asked this Court to exclude ▮▮▮▮ being offered as an item of proof of Plaintiffs' timely-asserted ▮▮▮▮ claims" (D.I. 905 at 1) (emphasis added) – and it is not[1] – such relief is well-justified at this point.

---

[1] *See, e.g.*, D.I. 748 at 3 ("Lupin therefore requests that any expert opinions relating to, or alleging the presence of, the ▮▮▮▮ in Lupin's ANDA products be stricken."); *see also* D.I. 905 at 5 (quoting same portion of Lupin's letter (D.I. 748 at 3) and thereby recognizing, contrary to their assertion at page 1 of Plaintiffs' same letter, that Lupin *did* ask Court to exclude all ▮▮▮▮ evidence).

2

Having reviewed Defendants Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.'s ("Macleods") recent letter (D.I. 904) related to enforcement of the Prior Order,

**IT IS FURTHER ORDERED** that in light of the instant Order, Macleods shall meet and confer with any party opposing the relief requested by Macleods, and then advise the Court in a timely manner as to whether judicial assistance is still required with respect to the issues raised in Macleods' letter.

**IT IS FURTHER ORDERED** that because this Order is issued under seal, the parties shall meet and confer and advise the Court, by no later than **noon tomorrow, August 21, 2020**, whether they request any redactions (and, if so, the nature and basis for such proposed redactions).

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE