**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • www.hegh.law

Tel: (302) 472-7311
dgattuso@hegh.law

September 22, 2020

**VIA CM-ECF**
The Honorable Jennifer L. Hall
United States District Court
For the District of Delaware
844 N. King Street
Unit 17, Room 3124
Wilmington, DE 19801-3555

Public Version Filed Sept. 30, 2020

Re:   *H. Lundbeck A/S, et al. v. Apotex Inc. et al.*, C.A. No. 18-088 (consolidated)

Dear Judge Hall:

Plaintiffs' request for a protective order to prevent Defendants Sandoz Inc. and Lek Pharmaceuticals d.d. (collectively, "Sandoz") from taking the depositions of Plaintiffs' experts Drs. Fabia Gozzo and Allan Myerson is not truly a "discovery dispute," but instead a thinly veiled motion to dismiss. Instead of filing a formal motion as the Court expressly told Plaintiffs they needed to do (D.I. 875), Plaintiffs unilaterally gave themselves a stay on depositions by invoking Del. L.R. 30.2. Absent dismissal of the relevant claims, discovery should proceed subject to this Court's local rules.

**Plaintiffs Refused to Dismiss the '910 and '096 Patents**

On June 26, 2020, the Court granted Sandoz's motion to dismiss four patents directed to crystal polymorphs based on Sandoz Inc.'s conversion to PIII certifications for those patents. D.I. 813, 814. The Court's order instructed the parties to submit a status report on "whether and how the case against the Sandoz defendants should now proceed" with respect to the final two remaining patents asserted against Sandoz—U.S. Patent Nos. 9,125,910 ("'910 patent") and 9,278,096 ("'096 patent"). D.I. 814. Plaintiffs refused to dismiss either patent. D.I. 839.

*'910 Patent.* Plaintiffs refused to dismiss the '910 patent even though Sandoz submitted a PIII certification for that patent, just like the dismissed patents. D.I. 839. On July 28, the Court declined to dismiss based on the status report alone (D.I. 875) and Sandoz moved to dismiss on August 19. D.I. 908, 909. Plaintiffs opposed as recently as August 31. D.I. 948 at 1. While they should have agreed to dismiss from the start, Plaintiffs waited until September 2 to do so, two months after the polymorph patents' dismissal, a month after Sandoz submitted reply expert reports, and weeks after Sandoz moved to dismiss. D.I. 937.

*'096 Patent.* Plaintiffs likewise have been uncooperative regarding the '096 patent. Just days after the June 26 dismissal, in a meet-and-confer on June 30, Sandoz requested dismissal of the '096 patent, which is subject to a section viii statement and not a PIV certification. Plaintiffs refused. D.I. 839.

During the June 30 meet-and-confer, Sandoz raised questions about asserted claims 4 and 5 of the '096 patent, which contain polymorph limitations identical to those in the four dismissed polymorph patents, but Plaintiffs did not respond. Meanwhile, Sandoz pushed ahead with expert discovery,

The Honorable Jennifer L. Hall
September 22, 2020
Page | 2

negotiating joint depositions of Drs. Myerson and Gozzo. On July 20, Plaintiffs incorrectly stated in a letter to the Court about deposition time allocations that Sandoz no longer needed time to depose Dr. Myerson. D.I. 859 n.1. Sandoz responded, noting its counterclaims remained for claims 4 and 5 (D.I. 862), which prompted Plaintiffs to state on July 22, for the first time, that they were no longer asserting those claims against Sandoz. D.I. 863.

On July 28, the Court entered the order discussed above in connection with the '910 patent in which it also declined to dismiss the '096 patent based on the limited discussion in the status report and stated that the parties "may file a motion to dismiss any claims or counterclaims relating to the . . . '096 patent[]." D.I. 875. The same day, Plaintiffs stated during a cal■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Ex. 1), ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Ex. 2, 8/25 Email. ■■■■■■■■■■■■■■■■■■■■■ (Ex. 3), ■■■■■■■■■ Ex. 4, 8/26 Email. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *Id.*, 8/28–8/29 Emails. During a meet-and-confer on August 31, Plaintiffs told Sandoz, for the first time, that they would not allow Sandoz to participate in Dr. Gozzo's deposition (*id.*, 8/31 Emails), which then proceeded without Sandoz as scheduled on September 3.[1] Ex. 5, 9/2 Emails.

### ■■■■■■■■■■ Is Not Grounds For Postponing Depositions

Drs. Gozzo and Myerson's depositions should not be cancelled unless and until the Court grants a motion to dismiss Sandoz's counterclaims. The Court's July 28 order made clear that it would not dismiss Sandoz's '096 patent counterclaims absent a formal motion to dismiss with full briefing. D.I. 875. Plaintiffs have filed no such motion. Instead, Plaintiffs waited over a month, until just days before the Gozzo deposition, to invoke Del. L.R. 30.2 to delay it. Ex. 4, 9/1 Email. Plaintiffs' tardy invocation of Del. L.R. 30.2 has already upset Sandoz's plans to coordinate with ■■■■■■■■■■ on September 3, and forced Sandoz to waste resources preparing for and shipping documents to Switzerland for Dr. Gozzo's deposition. Ex. 6, 8/28–9/2 Emails.

Trial is set for January 2021. D.I. 829. Discovery should not be delayed for a motion that Plaintiffs have not even filed. Sandoz has already done 90% of the work. D.I. 775; D.I. 861, ¶ 1; D.I. 366 (no agreed stay). The final 10% of discovery on the '096 patent should be completed so that Sandoz's case is trial ready at the same time as the other consolidated cases.

### Del. L.R. 30.6 Bars Plaintiffs From Preparing Dr. Gozzo Based on the Questioning Already Commenced by MSN and Torrent

Del. L.R. 30.6 provides that "[f]rom the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances, counsel for the deponent shall not consult or confer with the deponent regarding the substance of the testimony already given or anticipated to be given." Its purpose is to prevent the defending party from coaching the witness based on prior questioning. *Hall v. Clifton Precision*, 150 F.R.D. 525, 528–29 (E.D. Pa. 1993). Plaintiffs should not be permitted to prepare Dr. Gozzo for Sandoz's questioning based on the questions already

---

[1] When confirming logistical aspects of the deposition on August 27, Plaintiffs said nothing about cancelling. Ex. 5, 8/27 Email.

asked by ▇▇▇▇▇▇▇▇.[2]

    Plaintiffs claim they should be excused from compliance with the Rule because Sandoz should have briefed this issue first. Not so. The local rule applies by default and thus Plaintiffs must affirmatively explain why it does not apply to them. Moreover, the issue is contingent on the relief Plaintiffs seek; if the Court grants Plaintiffs' protective order blocking Sandoz's questioning of Dr. Gozzo, the issue is moot. Finally, Plaintiffs have little basis to complain about Sandoz raising the issue "just prior to [the letter's] filing" given their own eleventh hour invocation of Del. L.R. 30.2 to postpone Dr. Gozzo's deposition.[3]

**A Case or Controversy Remains over Claims 4 and 5 of the '096 Patent**

    The fundamental problem with Plaintiffs' protective order request is that it is premised on claims 4 and 5 being dismissed. But Plaintiffs have filed no such motion and discovery dispute letters are an inappropriate means for resolving this merits issue. *See* D.I. 875. Unless and until Plaintiffs serve a properly supported motion to dismiss per the Court's July 28 instructions (*id.*) and the Court dismisses claims 4 and 5 of the '096 patent, a case or controversy remains and discovery should proceed.

                                                                    Respectfully,

                                                                    */s/ Dominick T. Gattuso*

                                                                  Dominick T. Gattuso (#3630)

cc:    Clerk of the Court (via CM-ECF)
        Plaintiffs' Counsel of Record (via electronic mail)

---

[2] Plaintiffs' argument that each segment of questioning by a defendant constitutes a separate deposition is contradicted by the Court and the parties' consistent reference, prior to this briefing, to just a single deposition for each witness. *See e.g.*, D.I. 820, 829 ("Dr. Myerson's deposition"); Ex. 5, 8/25 & 9/2 Emails ("Dr. Gozzo's deposition").

[3] Contrary to Plaintiffs' Rule 7.1.1 statement, the parties fully vetted this issue over several email exchanges (Ex. 4, 9/1–9/2 Emails) and discussed the overarching predicate issue of whether Dr. Gozzo's deposition should be postponed telephonically.