Originally Filed: October 27, 2020
Redacted Version Filed: November 3, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALKEM LABORATORIES LTD., et al., <br><br> Defendants. | C.A. No. 18-88 (LPS) <br> CONSOLIDATED <br><br><br> REDACTED - PUBLIC VERSION |

**PLAINTIFFS' UNOPPOSED MOTION TO REDACT
PORTIONS OF THE COURT'S SEPTEMBER 25, 2020,
DISCOVERY DISPUTE TELECONFERENCE TRANSCRIPT**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's policy on the electronic availability of transcripts of court proceedings, Plaintiffs H. Lundbeck A/S, Takeda Pharmaceutical Company Ltd., Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals International AG, and Takeda Pharmaceuticals America, Inc. (collectively, "Plaintiffs") hereby move the Court to redact certain portions of the transcript of the September 25, 2020, discovery dispute teleconference (D.I. 959) and to seal the unredacted transcript. On October 10, 2020, Plaintiffs filed its Notice of Intent to Redact portions of that transcript. (D.I. 960.)

The grounds for this motion are set forth below. The requested redactions are attached hereto as Exhibit A, which is a full version of the transcript with the proposed redactions highlighted. A redacted version of the transcript is attached hereto as Exhibit B. Pursuant to Local Rule 7.1.1, counsel for Plaintiffs conferred with counsel for Defendants Sandoz Inc. and Lek Pharmaceuticals d.d. (collectively, "Sandoz") in the above-captioned action, and Sandoz does not oppose this motion.

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). The Third Circuit has long recognized that courts may exercise their inherent supervisory powers to deny access to judicial records, including the redaction or sealing of a judicial transcript. *Id.* The party seeking to seal a portion of a judicial record bears the burden of showing that the material is the kind of information that courts will protect and good cause exists to justify the redaction. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

In order to establish "good cause," the party seeking redaction must show that the "disclosure will work a clearly defined and serious injury to [that party]." *Cendant*, 260 F.3d at 194. In determining whether good cause exists, "courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid*, 878 F. Supp. 2d at 508 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)).

Courts routinely hold that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS, 2014 WL 4445953, at *4 (D. Del. Sept. 8, 2014) (Stark, J.) (granting unopposed motion to redact portions of a discovery dispute conference transcript as the "proposed redactions involve confidential and sensitive business information of the type that should be protected from public disclosure").

Specifically, the transcript includes sensitive information reflecting confidential discussions between the parties. If the contents of these discussions were publicly available, particularly with respect to future potential litigants adverse to Plaintiffs, Plaintiffs would be

competitively disadvantaged. The requested redactions are limited statements regarding ███

███

███

Readers should be able to understand the nature of the discovery dispute—that the parties disagreed as to whether or not claims 4 and 5 of U.S. Patent No. 9,278,096 ("the '096 Patent") were still in the case in light of Sandoz's declaratory judgment counterclaims, and thus whether depositions of Drs. Gozzo and Myerson were relevant to issues remaining in the case—based on the redacted version of the transcript.

Good cause exists here to redact portions of the September 25 transcript. The limited proposed redactions sought in this motion relate to Plaintiffs' confidential business information, including information related to ███ ███ *See LEAP Sys., Inc. v. MoneyTRAX, Inc.*, 638 F.3d 216, 222–23 (3d Cir. 2011) (affirming district court's refusal to unseal portions of a transcript that reflected the terms of a confidential settlement agreement between two private entities). These claims are at-issue in on-going litigation involving several other Defendants. Disclosure of Plaintiffs' confidential information would harm Plaintiffs' competitive and business position in the incredibly competitive pharmaceutical industry where such information is both heavily protected and heavily sought after by competitors. *See Mosaid*, 878 F. Supp. 2d at 507 (highlighting the threat of disclosure of confidential information to a "litigant's competitive standing").

Because this case involves private litigants and their confidential business information, there is no "legitimate public interest" in the proposed redactions. *Pansy*, 23 F.3d at 788. Therefore, Plaintiffs' interest in maintaining the confidentiality of the proposed redacted information

outweighs the limited public interest in such information. *See id.* ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

Furthermore, the Court adopted a Protective Order in this action on November 20, 2018, which is intended to protect information "that constitute[s] or contain[s] trade secrets or other confidential research, development, or commercial information." (D.I. 132.) The information that Plaintiffs seek to redact from the sealed transcript is the type of confidential information protected under the Protective Order.

For the foregoing reasons, Plaintiffs respectfully request that the Court order that the redacted version of the September 25 transcript attached hereto as Exhibit B be filed as the public version on the docket and seal the unredacted version of the transcript.

OF COUNSEL:

George F. Pappas
Einar Stole
Christopher N. Sipes
Brianne Bharkhda
Priscilla G. Dodson
Alaina Whitt
Han Park
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Megan L. Hare
Jennifer D. Cieluch
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

Kurt G. Calia
Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4700

October 27, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 3, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801<br>*Attorneys for Defendants Sandoz Inc. and Lek Pharmaceuticals d.d.* | *VIA ELECTRONIC MAIL* |
| Laura A. Lydigsen, Esquire<br>Mark H. Remus, Esquire<br>Judy K. He, Esquire<br>Jason W. Schigelone, Esquire<br>BRINKS GILSON & LIONE<br>455 North Cityfront Plaza Drive, Suite 3600<br>Chicago, IL  60611-5599<br>*Attorneys for Defendants Sandoz Inc. and Lek Pharmaceuticals d.d.* | *VIA ELECTRONIC MAIL* |
| Jieun Lee, Esquire<br>BRINKS GILSON & LIONE<br>1775 Pennsylvania Avenue, NW, Suite 900<br>Washington, DC  20006<br>*Attorneys for Defendants Sandoz Inc. and Lek Pharmaceuticals d.d.* | *VIA ELECTRONIC MAIL* |

/s/ *Megan E. Dellinger*

Megan E. Dellinger (#5739)