PHILLIPS, MCLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

February 9, 2021

**VIA CM/ECF**
The Honorable Leonard P. Stark
United States District Court
844 North King Street, Unit 26
Wilmington, DE 19801

RE: *H. Lundbeck A/S v. Apotex Inc., et al.*, C.A. No. 18-088-LPS (Consolidated)

Dear Chief Judge Stark:

Defendants Alembic, Lupin, Macleods, Sandoz, Sigmapharm, and Zydus write in response to the Court's February 8, 2021 Oral Order (D.I. 1000) and Plaintiffs' letter brief dated February 9, 2021 (D.I. 1001) regarding post-trial briefing.

As an initial matter, Defendants agree with the briefing schedule and page limits on the issue of infringement set forth in the Court's February 8, 2021 Order.

Defendants were surprised to receive Plaintiffs' letter brief, which contained proposals that were not previously communicated to Defendants with respect to briefing and notice of launch. Contrary to Plaintiffs' representations, beyond seeking a commitment that they simply would not launch until after the court ruled, Plaintiffs never provided a firm proposal to either Zydus or Sigmapharm concerning advance notice of launch or an agreement to not market their products prior to the completion of briefing. Indeed, during oral conversations, no agreements were reached among outside counsel, who all advised that discussions were subject to client approval. Sigmapharm and Zydus remain committed to reaching an agreement on fair notice of launch that does not unnecessarily burden the Court and believe that the Parties discussions in the last 24 hours have made progress toward that goal. We believe the Parties can provide an agreement on notice of launch by Friday, February 12.

Defendants agree with the Court that briefing should be completed on all issues before the completion of the regulatory stay on March 30, 2021. Plaintiffs' argument that only the invalidity of the '884, '279, and '575 compound patents need be addressed first fundamentally misstates the circumstances in a manner calculated to obtain an unfair advantage and delay in launch if and when Defendants prevail on the invalidity of those patents. If the Court holds those patents invalid, all of the remaining patents will immediately become the only barriers to launch. Defendants believe that the Court should render opinions concerning all asserted claims at the same time. Defendants are amenable to briefing all of these issues promptly, while the

The Honorable Leonard P. Stark  Page 2
February 9, 2021

presentation of evidence from trial is still fresh in the Court's mind, and not deferring briefing of some infringement issue for months outside of the Court's ordinary schedule.

In fact, Defendants provided Plaintiffs the proposed briefing schedule below on February 8, 2021 (Exhibit 1) to accomplish this goal. Plaintiffs did not respond, and instead filed their letter brief with the Court without further communicating with Defendants.

Defendants' proposed briefing schedule for invalidity is:

> Feb. 26 – Defendants' Opening on Invalidity: 50 pages of briefing, 50 pages of findings of fact
> Mar. 19 – Plaintiffs' Answer on Validity: 50 pages of briefing, 50 pages of findings of fact
> Mar. 30 – Defendants' Reply on Invalidity – 35 pages of briefing

Defendants believe that dividing the briefing between various patents on issues of invalidity would be unnecessary and duplicative, particularly on issues of secondary considerations. Providing the Court with single briefs on all issues of validity should eliminate potential redundancies.

Finally, if the Court agrees that the page limits concerning noninfringement in its Order should be expanded to avoid prejudice to any party, Defendants respectfully propose that additional pages be provided in the form of the findings of fact, rather than in the briefs themselves.

Defendants respectfully request that the Court enter their proposed briefing schedule for invalidity and defer to the Court as to the briefing schedule for noninfringement.

Defendants will be prepared to further address these issues at tomorrow's status conference.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)

cc: Counsel of Record (via CM/ECF)