IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LUNDBECK A/S, TAKEDA PHARMACEUTICAL COMPANY LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS INTERNATIONAL AG and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED, et al., <br><br> Defendants. | C.A. No. 18-88-LPS <br> (CONSOLIDATED) |

## ORDER

At Wilmington this **30th** day of **September, 2021**,

For the reasons stated in the 235-page sealed Opinion issued this same date,

**IT IS HEREBY ORDERED**:

1. Plaintiffs have not proven that Alembic's ANDA Product infringes claims 1-3 of U.S. Patent No. 8,722,684 ("the '684 Patent"), claims 5-7 of U.S. Patent No. 9,861,630 ("the '630 Patent"), claims 4, 5, and 7 of U.S. Patent No. 9,278,096 ("the '096 Patent"), and claim 6 of U.S. Patent No. 9,125,910 ("the '910 Patent").

2. Plaintiffs have not proven that Lupin's ANDA Product infringes claims 1-3 of the '684 Patent, claims 2-7 of the '630 Patent, claims 4, 5, and 7 of the '096 Patent, and claim 6 of the '910 Patent.

3. Plaintiffs have proven that Lupin's ANDA Product infringes claim 12 of U.S. Patent No. 9,101,626 ("the '626 Patent").

4. Plaintiffs have not proven that Macleods' ANDA Product infringes claim 1 of the '684 Patent, claims 2-4 of the '630 Patent, claim 7 of the '096 Patent, and claim 6 of the '910 Patent.

5. Plaintiffs have not proven that Sandoz's ANDA Product infringes claim 7 of the '096 Patent.

6. Plaintiffs have not proven that Sigmapharm's ANDA Product infringes claims 1-3 of the '684 Patent, claims 2-7 of the '630 Patent, claims 4, 5, and 7 of the '096 Patent, and claim 6 of the '910 Patent.

7. Plaintiffs have not proven that Zydus' ANDA Product infringes claim 1 of the '684 Patent, claims 8-10 of the '630 Patent, claim 7 of the '096 Patent, and claim 6 of the '910 Patent.

8. Sigmapharm and Zydus have not proven that any of claim 17 of U.S. Patent No. 7,144,884 ("the '884 Patent") and claims 5 and 15 of U.S. Patent No. 8,476,279 ("the '279 Patent") are invalid for obviousness.

9. Zydus has not proven that claim 3 of U.S. Patent No. 9,090,575 ("the '575 Patent") is invalid for obviousness.

10. Defendants have not proven that any of claims 4, 5, and 7 of the '096 Patent and claim 6 of the '910 Patent, are invalid for anticipation.

11. Defendants have not proven that any of claims 4, 5, and 7 the '096 Patent, and claim 6 of the '910 Patent, are invalid for obviousness.

12. Defendants have not proven that any of the claims of the '096 Patent are invalid for inadequate written description.

13. Because the Opinion was issued under seal, the parties shall meet and confer and,

2

no later than Monday, October 4, 2021 submit a proposed redacted version of it, accompanied by a memorandum setting out, with citations to applicable legal authorities, the basis for any proposed redactions. The Court will issue a public version of its Opinion thereafter.

14. The parties shall meet and confer and, no later than October 7, 2021, submit a joint status report, advising the Court of what, if anything, remains to be done in this case.

                                            HONORABLE LEONARD P. STARK
                                            UNITED STATES DISTRICT JUDGE